UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEVENTH AVENUE, INC.,

    Plaintiff,

v.

SHAF INTERNATIONAL, INC.,

    Defendant.

Case No.

# COMPLAINT

The plaintiff, Seventh Avenue, Inc. by its counsel, Michael Best & Friedrich LLP alleges as follows:

## NATURE AND STATUTORY BASIS FOR ACTION

1. This action is for: (1) trademark infringement under section 32 of the Lanham Act (15 U.S.C. § 1114(1)); (2) trademark infringement, false designation of origin and unfair competition under section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and (3) common law trademark infringement and unfair competition.

## THE PARTIES

2. Plaintiff Seventh Avenue, Inc. ("Seventh Avenue" or "Plaintiff") is a Wisconsin corporation, located at 1112 7th Avenue, Monroe, Wisconsin 53566.

3. Defendant Shaf International, Inc. ("Shaf" or "Defendant") is a New Jersey corporation that sells clothing and is located at 90 Dayton Avenue, Passaic, New Jersey 07055.

# JURISDICTION

4. Subject matter jurisdiction is expressly conferred on this Court under 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1376(a) and principles of supplemental jurisdiction.

5. Personal jurisdiction over Defendant also is vested in this Court because Defendant purposefully has availed itself of the privilege of acting in this District, by using and promoting the infringing 7TH AVE. and 7th AVENUE marks on its goods in this District.

6. Shaf sells and promotes various products online, including motorcycle leather apparel using the infringing mark.

7. Shaf sells and promotes its goods that use the infringing marks by using the branding MILWAUKEE LEATHER on its goods.

8. Shaf owns the trademark for MILWAUKEE LEATHER, U.S. Registration No. 4600803.

9. Upon information and belief, Shaf uses the MILWAUKEE LEATHER mark along with the infringing marks to attract customers in Wisconsin and to capitalize on Milwaukee, Wisconsin's storied history in the motorcycle business.

10. Upon information and belief, Shaf promotes goods with the infringing marks on a third-party website, www.buy.kodiakfishkonnection.com.

11. Upon information and belief, Shaf sells and promotes goods and services with the infringing marks on its own website, www.shafinc.com.

12.     Shaf also sells and promotes goods with the infringing marks on a third-party website, www.wilsonsleather.com.

13.     The website, www.wilsonsleather.com, is owned by the retailer, Wilsons Leather, which is a leading specialty retailer of outerwear and accessories.

14.     Wilsons Leather currently has 167 stores nationwide and is headquartered in the Midwest.

15.     Customers who purchase goods with the infringing marks online from www.wilsonsleather.com may return the goods with the infringing marks to a Wilsons Leather retail location.

16.     There are four Wilsons Leather retail locations in Wisconsin.  These locations are in the cities of: Johnson Creek, Pleasant Prairie, Baraboo, and Oshkosh.

17.     Upon information and belief, customers in the State of Wisconsin have purchased goods bearing the infringing marks from the Wilsons Leather website.

18.     By selling and promoting its goods bearing the infringing mark on www.wilsonsleather.com and permitting the return of these goods at retail locations in Wisconsin, Shaf has purposefully availed itself of personal jurisdiction in this district.

## VENUE

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the activity complained of occurred in this District, and Defendant is subject to personal jurisdiction herein.

# FACTS

## *Background*

20. Seventh Avenue is a catalog company affiliated with Colony Brands, Inc., formerly known as Swiss Colony, Inc. ("Colony Brands"), one of the largest and most successful catalog companies in the world.

21. Seventh Avenue was established over 30 years ago to meet a demand for unique holiday collectibles. Eventually Seventh Avenue developed into a "Your Department Store Catalog," bringing the breadth and one-stop convenience of a department store to the catalog world.

22. Seventh Avenue distributes its catalogs throughout the country and has an online catalog store, www.seventhavenue.com, which sells furniture, electronics, and women and men's clothing.

23. Seventh Avenue sells its own "Seventh Avenue" labelled clothing, through its catalogs, on- and off-line.

## *The SEVENTH AVENUE Marks*

24. In 1983, Colony Brands adopted the mark SEVENTH AVENUE to use for Seventh Avenue's mail order catalog service. Colony Brands filed a trademark application for the SEVENTH AVENUE mark on March 10, 1986 with the U.S. Patent and Trademark Office. Use of the SEVENTH AVENUE mark related to catalog services began on September 14, 1983, and has been used continuously since that date.

25. Colony Brands owned a federal trademark registration for SEVENTH AVENUE, U.S. Reg. No. 1,414,583, for use in Class 42, in connection with mail order catalog services in the field of general merchandise.

26. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the SEVENTH AVENUE federal registration, U.S. Reg. No. 1,414,583. The registration is valid and subsisting and constitutes *prima facie* evidence of Seventh Avenue's ownership of and the exclusive right to use the SEVENTH AVENUE mark in Class 42 services.

27. In 2000, Colony Brands adopted the mark SEVENTH AVENUE for clothing. Colony Brands filed a trademark application for the SEVENTH AVENUE mark on March 25, 2008 with the U.S. Patent and Trademark Office. Use of the SEVENTH AVENUE mark for clothing began in 2000, and has been used continuously since that date.

28. Colony Brands owned a federal trademark registration for SEVENTH AVENUE, U.S. Reg. No. 3,614,816, for use in Class 25 in connection with clothing, including, jackets, dresses, pants, pantsuits, robes, sleepwear, loungewear, sweaters, tops, sweat shirts, and tee-shirts.

29. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the SEVENTH AVENUE federal registration, U.S. Reg. No. 3,614,816 (the "SEVENTH AVENUE Mark"). The registration is valid and subsisting and constitutes *prima facie* evidence of Seventh Avenue's ownership of and the exclusive right to use the SEVENTH AVENUE Mark on clothing.

30. Colony Brands previously granted Seventh Avenue a license to use the SEVENTH AVENUE trademarks for use in Seventh Avenue's catalogs and merchandise.

31. Seventh Avenue has expended a great deal of time, effort and money in its branding through the promotion and advertisement of its catalogs as well as the merchandise sold under the SEVENTH AVENUE Mark.

32. As a result of Seventh Avenue's continuous promotion and distribution of its catalogs and merchandise under the SEVENTH AVENUE brand for more than thirty years, Seventh Avenue has acquired valuable goodwill in the SEVENTH AVENUE marks.

33. Indeed, the SEVENTH AVENUE brand indicates that Seventh Avenue is the source of SEVENTH AVENUE merchandise.

*7TH AVE.*

34. Notwithstanding Seventh Avenue's prior and continuous use of the SEVENTH AVENUE marks on its catalog and on the clothing it sells, Shaf filed trademark application serial no. 86082340, on October 3, 2013 for the mark 7TH AVE. for use in connection with "Clothing, namely, t-shirts, tops, sweat shirts, shirts, tank tops, pants, chaps, jackets, vests; footwear."  A printout of Shaf's trademark application is attached hereto as Exhibit C.

35. On January 16, 2014, the U.S. Patent and Trademark Office refused to register Shaf's application for the 7TH AVE. mark, issuing an office action. The U.S. Patent and Trademark Office found there would be a likelihood of confusion between

6

the 7TH AVE. mark and the SEVENTH AVENUE Mark. A true and correct copy of the office action is attached as Exhibit D.

36. On March 20, 2014, Shaf responded to the office action, arguing that the U.S. Patent and Trademark Office erred in refusing to register its application for the 7TH AVE. mark.

37. On March 25, 2014, the U.S. Patent and Trademark Office issued a final office action, refusing to the register the 7TH AVE. mark, again citing a likelihood of confusion. A true and correct copy of the final office action is attached as Exhibit E.

38. Shaf appealed to the Trademark Trial and Appeal Board ("TTAB").

39. TTAB has not issued a final decision on Shaf's appeal.

*The Infringement*

40. Despite the U.S. Patent and Trademark Office's decision, Shaf uses the 7TH AVE. and 7th AVENUE marks.

41. Shaf sells clothing using the 7TH AVE. and 7th AVENUE marks online. Attached hereto as Exhibit F are printouts of the clothing Shaf sells using the 7TH AVE. and 7th AVENUE marks.

42. The 7TH AVE., 7th AVENUE, and SEVENTH AVENUE marks are nearly identical in sound, meaning, and commercial impression when used in connection with clothing.

43. Shaf uses the 7TH AVE. and 7th AVENUE marks on goods that are the same and similar to the goods upon which Seventh Avenue uses the SEVENTH AVENUE Mark.

7

44. Shaf has actual knowledge that it is infringing upon Seventh Avenue's SEVENTH AVENUE Mark and that it is engaged in unfair competition; Shaf has willfully continued to market and promote its apparel.

45. Shaf's actions have caused irreparable damage and injury to Seventh Avenue and, if permitted to continue, will further damage and injure Seventh Avenue, its SEVENTH AVENUE mark, and Seventh Avenue's reputation and the goodwill associated with the SEVENTH AVENUE mark. Shaf's actions also significantly harm the public's interest in being free from confusion as to the source, sponsorship or affiliation of Seventh Avenue's products.

46. Shaf's use of the 7TH AVE. and 7th AVENUE marks is likely to cause confusion, mistake, or deception as to the source or origin of Shaf's products. It is also likely to falsely suggest a sponsorship, connection, license, or association of Shaf and its products with Seventh Avenue, thereby injuring Seventh Avenue and the public in general.

47. On January, 20, 2016, Colony Brands sent a cease and desist letter to Shaf's counsel, Attorney Christopher Day, demanding that Shaf cease its use of the 7TH AVE. mark on apparel and to abandon its 7TH AVE. trademark application.

48. Shaf's counsel never responded to the cease and desist letter.

49. Colony Brands recently assigned, transferred, and conveyed to Seventh Avenue the entire right, title, and interest in the SEVENTH AVENUE mark, U.S. Reg. Nos. 1,414,583 and 3,614,816 (the "Assignment"). Under the Assignment, Seventh

8

Avenue has the right to sue for any past or future trademark infringement of Colony Brands' registered trademarks, U.S. Reg. Nos. 1,414,582 and 3,614,816.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGMENT

50. Seventh Avenue realleges and reincorporates all of the foregoing paragraphs as though fully alleged herein.

51. Seventh Avenue's rights in and to the SEVENTH AVENUE Mark are superior to any purported rights Shaf holds.

52. Shaf's use of the 7TH AVE. and 7th AVENUE marks is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Shaf's products with Seventh Avenue, and as to whether Seventh Avenue approved Shaf's products, and thus constitutes infringement of the SEVENTH AVENUE Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53. Shaf's infringement of Seventh Avenue's mark has taken place with full knowledge of Seventh Avenue's registered SEVENTH AVENUE mark and, therefore, has been intentional, deliberate and willful.

54. As a direct and proximate result of Shaf's actions alleged above, Seventh Avenue has been damaged and will continue to be damaged.

## COUNT TWO
## FALSE DESIGNATION AND UNFAIR COMPETITION

55. Seventh Avenue realleges and reincorporates all of the foregoing paragraphs as though fully alleged herein.

56. Seventh Avenue's rights in and to the SEVENTH AVENUE Mark are superior to any purported rights Shaf holds.

57. Shaf's use or intended use of the 7TH AVE. and 7th AVENUE marks are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection or association of Shaf's products with Seventh Avenue, and as to whether Seventh Avenue approved Shaf's products, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to Seventh Avenue's mark in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

58. Shaf's actions have taken place with full knowledge of Seventh Avenue's SEVENTH AVENUE Mark and, therefore, have been intentional, deliberate and willful.

59. As a direct and proximate cause of Shaf's actions alleged above, Seventh Avenue has been damaged and will continue to be damaged.

## COUNT THREE
## WISCONSIN COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

60. Seventh Avenue realleges and reincorporates all of the foregoing paragraphs as though fully alleged herein.

61. Seventh Avenue's rights in and to the SEVENTH AVENUE Mark are superior to any purported rights Shaf holds.

62. Shaf's actions complained of herein constitute common law trademark infringement and unfair competition under the laws of the State of Wisconsin.

10

63. Shaf's actions have taken place with full knowledge of Seventh Avenue's SEVENTH AVENUE Mark and therefore have been intentional, deliberate and willful.

64. As a direct and proximate result of Shaf's actions, Seventh Avenue has been damaged and will continue to be damaged.

## JURY DEMAND

Seventh Avenue demands a trial by jury on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Seventh Avenue demands judgment in its favor on each and every claim for relief set forth above and an award for relief including, but not limited to, the following:

1. An injunction permanently enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, joint ventures, distributors, dealers, and all persons in active concert or participation with any of them:

    a. From using the 7TH AVE. mark, the 7th AVENUE mark, the SEVENTH AVENUE mark or any other trademark Plaintiff owns, including any variation or any other colorable imitation thereof, that is likely to cause confusion with the SEVENTH AVENUE mark or any other trademark Plaintiff owns;

    b. From distributing, promoting, and selling any services or products under the 7TH AVE. mark, the 7th AVENUE mark, the SEVENTH AVENUE mark or any other trademark Plaintiff owns, including any variation or any other colorable imitation thereof, that is likely to cause confusion with the SEVENTH AVENUE mark or any other trademark Plaintiff owns;

  c. From representing by any means whatsoever, directly or indirectly, that Plaintiff sponsors or licenses Defendant, any services or products offered by Defendant, or any activities Defendant undertakes, or otherwise associated or connected in any way with Plaintiff; and

  d. From passing off any of its services or products as originating with, associated with or sponsored by Plaintiff.

2. An Order requiring Defendant to deliver up to Plaintiff for destruction all goods, advertisements, literature and other written or printed material which bear the 7TH AVE. mark, the 7th AVENUE mark, the SEVENTH AVENUE mark or any other trademark Plaintiff owns.

3. An Order requiring Defendant to cease using any domain name incorporating the 7TH AVE. mark, the 7th AVENUE mark, or any SEVENTH AVENUE mark.

4. An Order requiring Defendant to abandon with prejudice all U.S. trademark applications for the 7TH AVE. mark, the 7th AVENUE mark, the SEVENTH AVENUE mark or any other trademark Plaintiff owns.

5. An Order directing Defendant to file with this Court and serve on Plaintiff's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction.

6. An Order requiring Defendant to account for and pay to Plaintiff any and all profits arising from the foregoing acts of infringement, false

designation of origin, and unfair competition, and trebling such profits in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

7. An Order requiring Defendant to pay to Plaintiff compensatory damages in an amount as yet undetermined the foregoing acts of infringement, false designation of origin, and unfair competition caused, and trebling such compensatory damages in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

8. An Order requiring Defendant to pay to Plaintiff punitive damages in an amount as yet undetermined that the foregoing acts of Defendant caused.

9. An Order requiring Defendant to pay Plaintiff's costs and attorney fees in this action pursuant to 15 U.S.C. § 1117 and other applicable statutes and laws.

10. Other relief as this Court deems just and equitable.

13

Dated this 16th day of March, 2016.

          **MICHAEL BEST & FRIEDRICH LLP**

          By: /s/ *Tanya M. Salman*
             Tanya M. Salman, SBN 1089151
             Mary C. Turke, SBN 1027045
             John C. Scheller, SBN 1031247
             One South Pinckney Street, #700
             P.O. Box 1806
             Madison, WI 53701-1806
             tmsalman@michaelbest.com
             mcturke@michaelbest.com
             jcscheller@michaelbest.com
             Ph: 608-257-3501
             Fax: 608-283-2275

Attorneys for Plaintiff