UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEVENTH AVENUE, INC.,

    Plaintiff,

v.

SHAF INTERNATIONAL, INC.,

    Defendant.

Case No. 16-cv-325-pp

## ORDER FOR CONSENT JUDGMENT, PERMANENT INJUNCTION AND OTHER RELIEF (DKT. NO. 8, EXH. A)

On September 16, 2016, the plaintiff filed a motion, asking the court to enter consent judgment. Dkt. No. 8. The motion stated that the parties had stipulated to the court's entry of the following order, attached as Exhibit A . Id.; Dkt. No. 8-1. The court has granted the motion.

Accordingly, the court **ORDERS** that:

1. Shaf shall not make, use, sell, offer to sell, ship, distribute and/or import any goods or services that bear the SEVENTH AVENUE Mark or name or any other mark confusingly similar to the SEVENTH AVENUE Mark or any other mark owned by Seventh Avenue (the "Infringing Goods"). On December 31, 2016 or an earlier date upon which customers of Shaf have sold, shipped or distributed the 200 remaining Infringing Goods in inventory at Shaf customers, whichever date occurs first (the "Cut-Off Date"), Shaf shall provide to Seventh Avenue a certified statement under oath that to the best of Shaf's representative's knowledge no further Infringing Goods will be

1

made, used, sold, offered for sale, shipped, distributed and/or imported by Shaf and its customers, and further certify that any remaining Infringing Goods existing in inventory have been destroyed and/or altered so that they no longer bear the SEVENTH AVENUE Mark or name or any other mark confusingly similar to the SEVENTH AVENUE Mark or any other mark owned by Seventh Avenue.

2. As of the Cut-Off Date, Shaf and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, joint ventures, distributors, dealers, licensees, and all persons in active concert or participation with any of them are permanently and perpetually enjoined and restrained from:

    a. Directly or indirectly using the SEVENTH AVENUE Mark and other trademarks owned by Seventh Avenue, and variations thereof, or other colorable imitations thereof, that are likely to cause confusion with the SEVENTH AVENUE Mark, or any other trademark owned by Seventh Avenue;

    b. Promoting and selling any goods or services bearing the SEVENTH AVENUE Mark or name and any other trademark owned by Seventh Avenue, any variations thereof, any other marks that are likely to cause confusion with the SEVENTH AVENUE Mark and any other trademarks owned by Seventh Avenue;

    c. Representing by any means whatsoever, directly or indirectly, that Shaf, any goods or services offered by Shaf, are sponsored or

licensed by Seventh Avenue or otherwise associated or connected in any way with Seventh Avenue; and

   d. Passing off any goods or services as originating with, associated with, or sponsored by Seventh Avenue.

  3. Shaf also shall abandon with prejudice all U.S. trademark applications for the 7TH AVE. mark, the 7th AVENUE mark, the SEVENTH AVENUE mark, any variations thereof, and any other marks that are likely to cause confusion with the SEVENTH AVENUE Mark.

  4. All claims or damages relating to the actions of Shaf have been resolved by a written Confidential Settlement Agreement and Release that the parties have executed.

  5. Pursuant to the Confidential Settlement Agreement and Release, all claims, counterclaims, issues, defenses, and requests for relief of any kind between the Parties relating to the pleadings in this case are hereby dismissed with prejudice.

  6. Shaf agrees that any breach of the Judgment is material and shall cause Seventh Avenue irreparable harm, entitling Seventh Avenue to an immediate injunction against Shaf to cease all actions causing said breach.

7. Seventh Avenue shall be awarded its damages, reasonable attorneys' fees and all costs incurred in enforcing any provision set forth in the Judgment.

Dated in Milwaukee, Wisconsin, this 20th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge