UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SEVENTH AVENUE, INC.,

    Plaintiff,

v.

SHAF INTERNATIONAL, INC.,

    Defendant.

Case No. 2:16-cv-00325-PP

---

# DECLARATION OF TIMOTHY ENGLING IN SUPPORT OF PLAINTIFF'S MOTION FOR A CONTEMPT ORDER

---

I, Timothy Engling, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am Associate General Counsel at Colony Brands, Inc. handling its trademark, licensing, enforcement, and unfair competition matters. In this position, I also handle Seventh Avenue, Inc.'s ("Seventh Avenue") trademark, licensing, enforcement, and unfair competition matters.

2. In December 2016, I conducted internet searches to determine if customers of Shaf International, Inc. ("Shaf") were continuing to advertise and sell infringing leather jackets bearing the 7TH AVE. mark, and we provided evidence of ongoing use to Shaf's counsel.

3. Since December 31, 2016, I conducted internet searches to determine if Shaf has been complying with the parties' Confidential Settlement Agreement and Mutual Release as well as the Consent Judgment, dated September 20, 2016. (Dkt. # 10.)

4. I discovered that Shaf has not complied with either.

5. Through simple internet searches, I found a number of Shaf's customers continuing to sell Shaf's goods using the infringing mark online, including Eagle Leather, Wilsons Leather, Overstock, and Leather Dome. Attached hereto as Exhibit A are true and correct copies of

screenshots from Eagle Leather, Wilsons Leather, Overstock, and Leather Dome marketing Shaf's leather jackets bearing the 7TH AVE. mark.

6. Also, on January 4, 2017, I ordered a leather jacket from Wilsons Leather from the online ad of Exhibit B, which arose in my internet searches. The leather jacket that arrived on January 6, 2017 had an infringing 7TH AVE. label and tag. Exhibit B shows that the Shaf leather jacket with 7TH AVE. on the label was not rated well by customers and are being sold at a discount. Attached hereto as Exhibit C is a true and correct copy of a photograph of the leather jacket that arrived on January 6, 2017. Exhibit D is a true and correct copy of a receipt from Wilsons Leather for the leather jacket. I incurred a cost of $219.36 to purchase the infringing jacket from Wilsons Leather.

7. Furthermore, on January 4, 2017, I ordered a leather jacket from Eagle Leather from the online ad of Exhibit E. The leather jacket that arrived on January 10, 2017 had an infringing 7TH AVE. label and tag. Attached hereto as Exhibit F is a true and correct copy of a photograph of the leather jacket that arrived on January 10, 2017. Exhibit G is a true and correct copy of a receipt and Exhibit H is the packing slip from Eagle Leather for the jacket. I incurred a cost of $164.99 to purchase the infringing jacket from Eagle Leather.

8. On January 13, 2017, I spoke with representatives from Wilsons Leather and Eagle Leather. Neither representative was aware of any instructions to not sell or advertise goods containing the 7TH AVE. mark.

9. Finally, to date, contrary to the settlement terms, Shaf has not provided me or anyone else from Seventh Avenue with a certified statement under oath.

I state under penalty of perjury that the foregoing is true and correct. Executed on Jan. 17, 2017.

*Timothy Engling*
Timothy Engling