UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: June 7, 2017
JUDGE: Pamela Pepper
CASE NO: 2016-cv-325
CASE NAME: Seventh Avenue, Inc. v. Shaf International, Inc.
NATURE OF HEARING: Plaintiff's motion for attorney fees and defendant's motion for reconsideration
APPEARANCES: Tanya Salman - Attorney for the plaintiff
John Scheller – Attorney for the plaintiff
Joseph Seifert – Attorney for the defendant
Maqbool Mohammed – Principal of the defendant
COURTROOM DEPUTY: Kristine Wrobel
TIME: 11:02 a.m. – 11:53 a.m.

      The court noted that there were two motions pending: the plaintiff's motion for attorneys' fees (Dkt. No. 15) and the defendant's motion to reconsider and vacate judgment and for leave to answer expedited non-dispositive motion for a contempt order (Dkt. No. 23). The court indicated that the plaintiff had filed a supplemental motion for attorneys' fees, covering costs that counsel for the plaintiff incurred since it filed its original motion.

      The court recapped the events in the case: A little over five months after the plaintiff filed the complaint, Attorney Seifert entered an appearance on behalf of the defendant. He was then, and has remained, the only attorney ever to file an appearance on behalf of the defendant. Some five months after Attorney Seifert appeared, the plaintiff filed a motion for contempt, alleging that the defendant had violated the consent agreement. Dkt. No. 11. No one responded on behalf of the defendant. On January 30, 2017—about two weeks after the plaintiff filed the motion—the court noticed a hearing. It noticed the hearing for February 14, 2017. The day before the hearing, the plaintiff filed its motion for costs and fees. Dkt. No. 15. The court held the hearing on February 14, 2017—no one appeared on behalf of the defendant. Dkt. No. 19. The court granted the plaintiff's motion for contempt, and issued an order requiring Attorney Seifert to show cause why he had not appeared at the February 14, 2017 hearing. By the deadline the court had set, Attorney Seifert had filed a response to the plaintiff's motion for fees and costs, and the current motion to reconsider (dkt. no. 23), as well as a response to the order to show cause. In those pleadings, Attorney Seifert explained that he'd been retained only to facilitate entry of the consent agreement, and that the attorney who had been handling the substance of the case for the defendant was in New Jersey. Attorney Seifert also explained that he had been out of the country, and unable to receive e-mails, at the time the plaintiff had filed the motion for contempt,

1

and that he had not returned to the country until January 19, 2017. He also explained that his assistant had been out for part of that time, as well.

The court had scheduled a hearing on these two motions for May 17, 2017. On that date, the parties appeared by telephone; Attorney Seifert was on the call, but he attended via his cell phone from state court. The court had been forced to cancel the hearing when it became clear that Attorney Seifert's state court obligations prevented him from participating fully in the hearing. Before the court ended the hearing, however, Attorney Seifert had explained that the attorney in New Jersey was named Herman. Before ending the call, the court stated that it would set another hearing date, for a time when all parties could appear and fully participate, and it suggested that whoever truly represented the defendant might wish to participate in the that hearing.

That brought us to today's hearing. While Attorney Seifert appeared, along with his client's owner, New Jersey counsel did not appear. Attorney Seifert again explained that Attorney Herman from New Jersey had told Attorney Seifert that Herman would respond to the motion for contempt and that Attorney Seifert did not need to do anything. Counsel indicated that the attorney from New Jersey was named Attorney Jeff Herman.

Counsel for the plaintiff confirmed that all the communication she had had regarding the consent judgment had been with Attorney Herman. She reported that Attorney Herman had negotiated the consent judgment. Counsel further stated that she had sent all documents to Attorney Herman, and that she had sent him the motion for contempt.

The court stated that it understood that Attorney Seifert considered his role in the case to be very limited. It also understood that he had been out of the country on the date the plaintiff had filed the motion for contempt (January 17, 2017). The court recounted, however, that Attorney Seifert had returned to the country only two days after the plaintiff had filed the motion for contempt—thirteen days before the court had scheduled a hearing on the motion, and almost a month before the actual hearing itself. The court asked why Attorney Seifert had not responded to the motion, or attended the hearing. Attorney Seifert explained that he did not think he had to—he understood that Attorney Herman was handling everything. In contrast, Mr. Mohammed explained that when he spoke with Attorney Herman, Attorney Herman had told him that Herman was not licensed to practice law in the state of Wisconsin, and had told Mr. Mohammed to talk with his Wisconsin lawyer about anything happening in Wisconsin courts.

The court told the parties that it was not going to grant the motion to reconsider and vacate the judgment. It explained to Mr. Mohammed that it was simple for a lawyer in another state to be admitted to practice in the Eastern District—that person needed only to ask for admission. The court indicated that something was going on here that did not smell right—Attorney Herman handled everything until it was time for someone to appear in court, and apparently indicated to Attorney Seifert that he would handle court, as well, but then told Mr. Mohammed that he would not do so. The court concluded that the defendant had had the opportunity to respond to the motion for contempt, and to appear at the hearing on that motion, and that it had not done so. For that reason, the court was not going to grant the motion to reconsider and vacate.

The court then turned to the plaintiff's motion for fees and costs. The court noted that the bulk of the attorneys' fees were for Attorney Engling, who is in-house counsel for Seventh Avenue's parent company, Colony Brands. The court pointed counsel to the <u>Weyerhauser v. Proctor & Gamble</u> case, which indicated that a court should award fees to in-house counsel if that counsel had done work that the company otherwise would have had to pay outside counsel to do. The court opined that a number of the things Attorney Engling had billed for appeared to be traditional in-house counsel work, such as review of documents prepared by outside counsel. Counsel for the plaintiff explained that Attorney Engling had done some independent investigation, and that the fees were appropriate because they were contemplated by the consent judgment.

Counsel for the defendant reminded the court that Attorney Engling had charged $490 an hour, and argued that a paralegal or junior associate could have done much of what Attorney Engling had done. He questioned the source of the $490/hour rate, and argued that the fees the plaintiff was requesting were excessive.

The court told the parties that it needed more information regarding the attorneys' fees. It asked counsel for the plaintiff to submit an amended fee application, including all fees and costs in one document, and delineating which of Engling's entries were for work that Colony would have had to pay outside counsel to perform. The court indicated that it would grant the motion for attorneys' fees, but would defer issuing its ruling until the parties had the opportunity to brief the appropriate amount of the award.

Counsel for the defendant asked the court to return for a moment to its decision denying the defendant's motion to reconsider and vacate. He pointed out that his motion was based, not just on an excusable neglect theory, but on a substantive theory—Shaf strongly believed that it had made a good-faith

3

effort to comply with the consent judgment, and believed that that good-faith effort constituted a defense to the allegations that it had violated the consent judgment. The court stated that it understood that that was the defendant's position, but reiterated that the defendant had ample opportunity to present that position and had not done so, for reasons the court still did not understand.

Counsel for the plaintiff told the court that the plaintiff believed the defendant continued to violate the consent agreement; just today, his colleague had looked at a web site and seen jackets for sale bearing the infringing mark. He asked the court to caution the defendant that if the defendant did not address this issue, the parties would be back in court for another round of the same arguments. Mr. Mohammed asked what he was supposed to do—he stated that Attorney Herman had told him that Attorney Herman would make this "disappear" and that he had not done so. The court told Mr. Mohammed that he'd best talk with Attorney Herman, or decide whether he needed to retain other counsel to assist him.

Because Attorney Seifert had responded to the order to show cause and had appeared at the two most recent hearings, the court discharged the order to show cause it had issued on February 16, 2017.

The court **DENIES** the defendant's motion to reconsider and vacate judgment and for leave to answer expedited non-dispositive motion for a contempt order. Dkt. No. 23.

The court **DISCHARGES** the order to show cause. Dkt. No. 21.

The court **DEFERS RULING** on the plaintiff's motion for fees and costs (dkt. no. 15), and **ORDERS** that the parties shall comply with the following briefing schecule:

The plaintiff shall file an amended fee application and supporting brief by the end of the day on June 23, 2017.

The defendant shall file its opposition brief by the end of the day on July 14, 2017.

The plaintiff shall file its reply brief by the end of the day on July 19, 2017.

Dated in Milwaukee Wisconsin this 7th day of June, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**