UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SEVENTH AVENUE, INC.,

    Plaintiff,

v.                                                           Case No. 16-cv-325-pp

SHAF INTERNATIONAL INC.,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR ATTORNEYS' FEES (DKT. NO. 35)**

---

## I.    Background

On March 7, 2018, the court issued an order recounting the history of this case and sorting through the plaintiff's submissions in support of its motion for attorneys' fees. Dkt. No. 43. In the order, the court denied the defendant's motion to strike the plaintiff's reply, noting that "the only remaining issue is the amount of the award." Id. at 12. After piecing together the confusing puzzle of the plaintiff's filings relating to its fee request, the court calculated that the plaintiff had requested $38,689.12 in fees and costs— $3,713.22 more than what the plaintiff calculated. Id. at 16. Given the discrepancy, the court asked the plaintiff to "submit the invoices/billing statements upon which it relies, a statement of the total amount of fees it seeks (taking into account the adjustments the court makes below), and clearly explaining how it reached that total amount." Id. at 17.

1

The court's March 7, 2018 order also explained that the court did not have enough information to determine whether the rates charged by attorneys Scheller and Salman were reasonable. It asked for "a third-party affidavit, another case in which a court had approved these rates, or some other evidence beyond the plaintiff's assertion that these were Scheller and Salman's rates for this matter." Id. at 20. As for the hours expended by attorneys Scheller and Salman, the court deducted seven hours of attorney Salman's time, which also corresponded to $83.27 in costs. Id. at 22. The court required the plaintiff to submit evidence in support of attorney Salman's request for compensation for the 8.4 hours she spent drafting the reply brief. Id.

As to in-house counsel Engling, the court noted that it had the same concerns about attorney Engling's hourly rate as it did with outside counsel's hourly rate. Id. at 24. The court "note[d], however, that likely any evidence the plaintiff submits to support outside counsel's rate would support Engling's." Id. at 24. As for Attorney Engling's hours, the court deducted four hours of his time and "allow[ed] the plaintiff to recover for **seventeen point seven (17.7) hours of Engling's work."** Id. at 25. The court ordered the plaintiff to submit the court's requested supplementation no later than March 21, 2018.

A.  Plaintiff's March 21, 2018 Submissions

On March 21, 2018, the plaintiff submitted (1) a response to the court's March 7, 2018 order, dkt. no. 44; and (2) a declaration from attorney Scheller attaching Michael Best's monthly invoices from February 2017 through Sepember 2017, dkt. no. 45.

2

The plaintiff's new submissions request an award of $25,258.65 in fees and costs for attorneys Scheller and Salman, and $9,647.32 in fees and costs for attorney Engling. The plaintiff provides an itemized table at docket number 44 (pages two through four) that documents the total monthly hours expended by the attorneys, along with their billing rates. The court has reviewed the table and the invoices, and the numbers in the table mirror the itemized billing statements that the plaintiff submitted as attachments to docket number 45: The plaintiff submits a February 13, 2017 invoice for $4,932.50, dkt. no. 45-1; a March 10, 2017 invoice for $2,530.34, dkt. no. 45-2; an April 18, 2017 invoice for $5,373.50, dkt. no. 45-3; a May 16, 2017 invoice for $248.50, dkt. no. 45-4; a June 13, 2017 invoice for $1,155.00, dkt. no. 45-5; a July 18, 2017 invoice for $10,710.08, dkt. no. 45-6; and a September 12, 2017 invoice for $6,007.50, of which the plaintiff only claims $2,352.00 for the 8.4 hours attorney Salman worked on the reply brief, dkt. nos. 45-7, 44 at n. 2.

Combined, these requests total $27,301.92. As shown in the plaintiff's table at docket number 44, page 3, the court then deducts the seven hours from attorney Salman's time as specified in the March 7, 2018 order. That seven-hour deduction results in a $2,043.27 subtraction, leaving the plaintiff's request for attorneys Scheller and Salman at $25,258.65—which aligns with the plaintiff's response at docket number 44.

The court finds that the plaintiff has complied with the request to provide a clear statement about how the plaintiff reached the requested amount of attorney fees. It also finds that the plaintiff has provided the

necessary evidence to support attorney Salman's request of fees for eight point four (8.4) hours to draft the reply brief. See dkt. no. 45-7.

B. Third-Party Affidavit

The plaintiff also provided a declaration from attorney Shane Brunner attesting to the appropriateness of the market rate submitted for applicants Scheller, Salman and Engling. Dkt. No. 46. Attorney Brunner states that he is a partner at the law firm of Merchant and Gould in Madison, Wisconsin. Dkt. No. 46 at 1. He states that Merchant and Gould is a "an intellectual property law firm that focuses on intellectual property law, including patents, trademarks, copyrights and trade secrets." Id. After reviewing his own qualifications and experience, he states that he has litigated many intellectual property cases—included many in Wisconsin's federal district courts—and that he has become familiar with this case by examining certain of its docket entries. Id. at 2.

Attorney Brunner lists Attorney Scheller's credentials, states that he knows Attorney Scheller to have a good reputation in the legal community and concludes that "the rate Michael Best charged Seventh Avenue for his services is reasonable and in line with the market." Id. at 3. Attorney Brunner similarly lays out Attorney Salman's credentials and attests to his belief that her 2017 rate of $280 per hour was reasonable and in line with the market. Finally, Attorney Brunner recounts Attorney Engling's qualifications and experience, and concludes that his hourly rate of $490 is reasonable and in line with the market. Id. at 5.

4

The court appreciates this affidavit—it is the kind of evidence the court is accustomed to seeing in support of fee applications. Attorney Brunner appears experienced in the legal market for federal district court intellectual property litigation and attests that the rates charged by the attorneys in this case are reasonably in line with the market. Accordingly, the court finds that the plaintiff has submitted the "satisfactory" evidence needed to meet its burden in its request for attorneys' fees.

C.   Lodestar Calculation and Total Award

The plaintiff requests fees for 20.1 hours of Attorney Scheller's work at an hourly rate of $545 an hour. This amounts to $10,954.50.

The plaintiff requests fees for 50.5 hours of Attorney Salman's work at an hourly rate of $280 per hour. This amounts to $14,140.00.

The plaintiff requests costs for Attorneys Scheller and Salman's work in the sum of $164.15.

The plaintiff requests a total award of $25,258.65 for the fees and costs of Attorneys Scheller and Salman.

The plaintiff requests fees for 17.7 hours of Attorney Engling's work at an hourly rate of $490 an hour. This amounts to $8,673.00.

The plaintiff requests costs for Attorney Engling's work in the sum of $974.32.

The plaintiff requests a total award of $9,647.32 for the fees and costs of Attorney Engling.

Adding the requested amounts for Attorneys Scheller and Salman with the amount for Attorney Engling, the court reaches a total award of $34,905.97.

## III. Conclusion

The court **GRANTS** the plaintiff's amended motion for attorneys' fees. Dkt. No. 35. The court **AWARDS** the plaintiff reasonable attorneys' fees of $33,767.50, plus reasonable costs and expenses of $1,138.47, for a total award of **$34,905.97.**

Dated in Milwaukee, Wisconsin this 23rd day of March, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**